McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN          3639-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300
Facsimile No.: (808) 524-8293
E-mail: minkin@m4law.com

Attorney for Defendant
PINNACLE FOODS INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PINNACLE FOODS INC., a corporation; and DOES 1 through 50,<br><br>          Defendants. | CIVIL NO. _____<br><br>DEFENDANT PINNACLE FOODS INC.'S NOTICE OF REMOVAL; EXHIBITS A - C; CERTIFICATE OF SERVICE |

387186.2

DEFENDANT PINNACLE FOODS INC.'S NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
      DISTRICT OF HAWAII

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), Defendant Pinnacle Foods Inc. ("Pinnacle"), hereby removes this action from the Circuit Court of the First Circuit, State of Hawaiʻi, Civil Action Number 18-1-1640-10BIA ("State Court Action") to the United States District Court for the District of Hawaiʻi. Removal is proper pursuant to CAFA, 28 U.S.C. §§ 1332(d)(1)-(d)(10) and 1453 because (1) Plaintiffs assert a class action under the laws of the State of Hawaiʻi and within the meaning of 28 U.S.C. §§ 1332(d)(1)(B), (2) Plaintiffs are citizens of states different from Defendant Pinnacle, (3) the aggregate amount in controversy exceeds $5 million, and (4) all other requirements for removal have been met. As grounds for this removal, Pinnacle respectfully shows the Court as follows:

**I.   INTRODUCTION**

1.   On or about October 12, 2018, Plaintiffs Michael Maeda and Iliana Sanchez ("Plaintiffs") commenced the State Court Action, alleging causes of action on a representative basis for (1) violation of Hawaiʻi's Made in Hawaiʻi Statute, H.R.S. § 486-119; (2) violation of Hawaiʻi's Uniform Deceptive Trade Practice Act, H.R.S. Chapter 480; (3) violation of Hawaii's False Advertising Law,

H.R.S. § 708-871, *et seq.*; (4) violation of California's Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*; (5) violation of California's Unfair Competition Law, California Business & Professions Code § 17200 *et seq.*; (6) violations of California's False Advertising Law, California Business & Professions Code § 17500, *et seq.*; (7) breach of express warranty, H.R.S. § 490, *et seq.* and Cal. Comm. Code § 2313; (8) breach of implied warranty, H.R.S. § 490, *et seq.* and Cal. Comm. Code § 2314; (9) fraud; (10) intentional misrepresentation; (11) negligent misrepresentation; and (12) unjust enrichment. Plaintiffs allege they and members of the putative classes of Hawaii and California citizens purchased various "Hawaiian Snacks"[1] that were deceptively labeled, packaged, advertised, and sold by Defendant Pinnacle. Plaintiffs seek injunctive and other equitable relief, as well as damages, to include alleged economic, monetary, actual, consequential, compensatory, and punitive damages.  A copy of the Complaint is attached hereto as <u>Exhibit A</u>.

---

[1] For purposes of this Notice of Removal only, and without waiving any objections or defenses thereto, Pinnacle adopts Plaintiffs' definition of "Hawaiian Snacks" as including the following products: Hawaiian Kettle Style Potato Chips, Original; Hawaiian Kettle Style Potato Chips, Luau BBQ; Hawaiian Kettle Style Potato Chips, Sweet Maui Onion; Hawaiian Kettle Style Potato Chips, Ginger Wasabi; Hawaiian Kettle Style Potato Chips, Hulapeno; Hawaiian Kettle Style Potato Chips, Mango Habanero; Hawaiian Luau Barbeque Rings; and Hawaiian Sweet Maui Onion Rings.

2.    On October 25, 2018, Plaintiffs effectuated service of the Complaint on Pinnacle. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Pinnacle are attached as Exhibit B.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA

3.    Pinnacle removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332(d).[2] CAFA provides the Court with original jurisdiction of this action and permits Pinnacle to remove the State Court Action from Hawaiʻi state court to this Court.

4.    CAFA vests district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs), and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). These requirements are satisfied here, as set forth below:

---

[2] While Pinnacle removes the State Court Action pursuant to CAFA, Pinnacle does not consent to this Court's jurisdiction over the claims of the putative class and purchasers outside of Hawaiʻi. By removing, Pinnacle does not waive any such defense. *Webb v. Sitzes,* 82 F.3d 424, 1996 WL 169298, *3 (9th Cir. Apr. 10, 1996) (unpublished); *Freeney v. Bank of Am. Corp.*, No. CV1502376MMMPJWX, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (collecting cases and explaining that "[a] defendant's election to remove a case to federal court does not waive a personal jurisdiction defense."). Further, Pinnacle does not waive, and specifically reserves, any and all objections as to service, jurisdiction, and any and all other available defenses.

### A. Class Action

5. The State Court Action is a class action as defined by CAFA. According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28.S.C. § 1332(d)(1)(B).

6. Plaintiffs' Complaint alleges a putative class action on behalf of themselves and "several statewide classes," to wit:

> **Hawaii Class**
> All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks, in the State of Hawai'i.
>
> **California Class**
> All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks, in the State of California.
>
> **California Consumer Subclass**
> All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks for personal, family, or household purpose, in the State of California.

Exhibit A, ¶¶ 7, 51.

### B. Removal Under CAFA

7. CAFA provides that a class action against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100;

(2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs.  28 U.S.C. § 1332(d), (d)(5), and § 1453(b).

### 1. The Proposed Classes Contain Not Less Than 100 Putative Members

8. Plaintiffs do not allege a specific number of potential putative class members in each alleged class in the Complaint, but they do allege that "[t]he proposed Classes are so numerous that joinder of all members would be impracticable." Exhibit A, ¶ 56. Plaintiffs further assert that the total number of Class members is at least in the thousands. *Id*. Indeed, Plaintiffs allege that Pinnacle sells "about 9 million" bags of Hawaiian Snacks *each year* and state that the products are available "at grocery stores, pharmacy chains, mom and pop stores, and large retail chains" including CVS, Target, Walmart, and Amazon *Id*. Accordingly, the number of putative class members who purchased Hawaiian Snacks during the pertinent time period clearly exceeds 100. *Id.* 28 U.S.C. § 1332(d)(5)(B).

### 2. Diversity of Citizenship Under CAFA

9. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.,* 478 F.3d 1018, 1021 (9th Cir. 2007).  Furthermore, under CAFA's minimal diversity, the diversity of unnamed putative class members is also considered.  28 U.S.C. § 1332(d)(1)(D)-(d)(2)(A).

Accordingly, "minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This requirement is met as Plaintiffs are citizens of Hawaiʻi and California and defendant Pinnacle is a citizen of states other than Hawaiʻi and California.

10. Plaintiff Michael Maeda is an individual and resides in Hawaiʻi, as such, is a citizen of the State of Hawaiʻi. *See* Exhibit A, ¶ 11.

11. Plaintiff Iliana Sanchez is an individual and resides in California, as such, is a citizen of the State of California. *See* Exhibit A, ¶ 12.

12. Pinnacle Foods Inc. is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Exhibit A, ¶ 13; Exhibit C, ¶ 2.

13. Because at least one member of the proposed class of plaintiffs is a citizen of a state different from Pinnacle, within the meaning of 28 U.S.C. § 1332(d)(2)(A), CAFA's diversity of citizenship requirement is satisfied.

### 3. Amount in Controversy

14. CAFA's third requirement — that the aggregate amount in controversy, exclusive of interest and costs, exceed $5 million — is also satisfied. 28 U.S.C. § 1332(d)(2). Although Pinnacle asserts the allegations in the Complaint are without merit and that neither Plaintiffs nor putative class members have suffered an injury, the amount in controversy demonstrably exceeds $5 million. Here, Plaintiffs' lawsuit seeks damages, restitution, disgorgement,

declaratory and injunctive relief, attorneys' fees, and punitive damages, in the aggregate, which are worth more than CAFA's $5 million threshold. *See* <u>Exhibit A</u>, Prayer for Relief.

15. When removal is sought under CAFA, the amount in controversy requirements should be "interpreted expansively." *Yeroushalmi v. Blockbuster, Inc.,* No. 05-225, 2005 WL 2083008, at *3 (C.D. Cal. July 11, 2005) (citing S. Rep. No. 109-14, at 42 (2005)). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Indeed, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should <u>err in favor of exercising jurisdiction</u> over the case." S. Rep. No. 109-14, at 42 (2005) (emphasis added). If a plaintiff fails to plead an amount in controversy in a class action complaint, as is the case here, a defendant seeking removal "must prove by only a preponderance of the evidence that the damages claimed exceed $5,000,000." *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.

Ct. 1345 (2013); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (confirming the removing defendant need only establish that it is more likely than not that the amount in controversy has been met).

16. Plaintiffs request "restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Pinnacle from its deceptive misleading, and unlawful conduct." Exhibit A ¶ 166. Plaintiffs also seek declaratory and injunctive relief," "economic, monetary, actual, and compensatory damages," "punitive damages" and "attorneys' fees." *Id.* at Prayer for Relief. The relief sought, if granted, would cost Pinnacle in excess of $5 million. Exhibit C, ¶¶ 4-5.

17. As set forth in the concurrently filed Declaration of Uche Ndumele, from January 2016 to October 2018 (less than half the proposed class period), sales of Pinnacle's Hawaiian Snacks in Hawaiʻi and California exceeded $5 million. *See* Declaration of Uche Ndumele, attached hereto as Exhibit C. *Id.*; *see Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179 (9th Cir. 2013) (per curium) (holding that a declaration stating that the total sales of the product at issue exceeded $5 million during the class period was sufficient to meet CAFA's amount in controversy requirement). This alone is sufficient to establish the amount in controversy.

18. Additionally, Plaintiffs allege Pinnacle sells "9-million 8 ounce bags of chips" each year of the class period. Exhibit A ¶ 56. Plaintiffs seek

disgorgement of all "profits, benefits, and other compensation" associated with the allegedly deceptive sale of Hawaiian Snacks in California and Hawaii for at least the past four years. *See* Compl. at Prayer for Relief. In the supporting declaration, Uche Ndumele states that, based on personal knowledge and company records, the value of the relief sought exceeds $5 million. Exhibit C ¶ 5.

19. Furthermore, the Court must also consider "the potential cost to the defendant of complying" with an injunction when determining the amount in controversy for CAFA purposes. *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001); *Harris v. CVS Pharm., Inc.*, 2015 U.S. Dist. LEXIS 104101, at *19 (C.D. Cal. Aug. 16, 2015); *Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

20. Plaintiffs also seek to recover attorneys' fees and punitive damages, which additionally contribute to the alleged amount in controversy. Exhibit A, Prayer for Relief; *see Lowdermilk*, 479 F.3d at 1000 (including attorneys' fees in CAFA amount in controversy calculation); *Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Lizza v. Deutsche Bank Nat'l Trust Co.*, 2013 U.S. Dist. LEXIS 136453, *12 (D. Haw. Sept. 24, 2013). While Pinnacle denies Plaintiffs are entitled to any recovery

whatsoever, fee petitions in consumer class action litigation typically seek millions of dollars.  *See, e.g., Kacsuta v. Lenovo (United States) Inc.*, 2014 U.S. Dist. LEXIS 174510, *1 (C.D. Cal. Dec. 16, 2014) (consumer class counsel requested attorneys' fee award of $8.9 million and were awarded $1.2 million).  Likewise, in the experience of Pinnacle's counsel, claims for punitive damages typically seek millions of dollars.  Because Plaintiffs seek both punitive damages and attorneys' fees, those potential of those claims if successful is "in controversy" and must be considered when determining whether CAFA's $5 million threshold is met.

21.     Accordingly, CAFA's requirement that the aggregate amount in controversy exceeds $5 million is clearly met.

### III.     **PINNACLE TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS**

22.     This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty (30) days after service of the Complaint on Pinnacle.  Pinnacle was served with the Summons and Complaint on October 25, 2018.  <u>Exhibit B</u>.  Therefore, notice is timely pursuant to 28 U.S.C. § 1446(b).

23.     Venue is proper. Plaintiffs filed this action in the Circuit Court of the First Circuit of the State of Hawaiʻi. Accordingly, this action is properly removed

to this Court, which embraces Hawaiʻi's First Circuit within its jurisdiction. 28 U.S.C. §§ 1441(a); 1446(a).

24. Pinnacle is the only defendant served. DOES 1 through 50, the Doe Defendants, have not been named or served and need not consent to this Notice of Removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

25. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of these documents are attached as <u>Exhibit B</u>.

26. Pursuant to 28 U.S.C. § 1446(d), Pinnacle is filing a copy of the Notice of Removal with the Clerk of the Circuit Court of the First Circuit of Hawaiʻi and serving Plaintiffs with the same. A copy of the Notice to the Circuit Court is attached hereto as <u>Exhibit C</u>.

### IV. <u>CONCLUSION</u>

WHEREFORE, Pinnacle respectfully submits that (1) CAFA applies to this action because the proposed class contains at least 100 members, (2) at least one member of the proposed class is a citizen of a state different than Pinnacle's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under

28 U.S.C. § 1446 are met.  For these reasons, this action is properly removed to this Court.

DATED:  Honolulu, Hawaii, November 23, 2018.

/s/ David J. Minkin
DAVID J. MINKIN

Attorney for Defendant
PINNACLE FOODS INC.