## CIVIL INFORMATION SHEET

| PLAINTIFF(S) | I. (a) PLAINTIFF ATTORNEY (NAME & NUMBER) |
|---|---|
| MICHAEL MAEDA, and ILIANA SANCHEZ, individually and on behalf of all others similarly situated | BRANDEE J.K FARIA 6970 |

**I. (a) PLAINTIFF ATTORNEY (NAME & NUMBER)**

BRANDEE J.K FARIA 6970

**DEFENDANT ATTORNEY (IF KNOWN)**

**II. NATURE OF SUIT**

- ☐ (101)  Contract
- ☐ (201)  Motor Vehicle Tort
- ☐ (301)  Assault & Battery
- ☐ (302)  Construction Defects
- ☐ (303)  Medical Malpractice
- ☐ (304)  Legal Malpractice
- ☐ (306)  Product Liability
- ☐ (399)  Other Non-Vehicle Tort
- ☐ (401)  Condemnation
- ☐ (501)  Foreclosure
- ☐ (511)  Agreement of Sale Foreclosure
- ☐ (503)  Agency Appeal
- ☐ (504)  Declaratory Judgment
- ☑ (599)  Other Civil Action

*FIRST CIRCUIT COURT STATE OF HAWAII FILED 2018 OCT 12 PM 3:25  F. OTAKE CLERK*

**DEFENDANT(S)**

PINNACLE FOODS, INC., a corporation; and DOES 1 through 50,

**III. ORIGIN**
- ☑ A. Original Proceeding
- ☐ B. Transfer from District Court
- ☐ C. Transfer from another Circuit

**IV. DEMAND**

$ _____

| V.JURY DEMAND | VI. CLASS ACTION | VII. REQUEST TO EXEMPT FROM ARBITRATION |
|---|---|---|
| ☑ YES ☐ NO | ☑YES ☐NO | ☑YES ☐NO |

**VIII. RELATED CASE(S)**

JUDGE _____

DOCKET _____

**RESERVED FOR COURT USE**

CIV NO  18 - 1 - 1 6 4 0 - 10   BIA

**IX. SIGNATURE OF ATTORNEY OF RECORD**

_____

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office at PHONE NO. 961-7440, FAX 961-7416, or TTY 961-7525 at least ten (10) working days prior to your hearing or appointment date.

Reprographics (03/07)  CommonLook® 508 Certified

## EXHIBIT B

CIVIL INFORMATION SHEET  3C-P-362



1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2018 OCT 12 PM 3: 28

F. OTAKE
CLERK

**PERKIN & FARIA LLLC**
Brandee J.K. Faria               6970
841 Bishop St. Suite 1000
Honolulu, Hawaii 96813
Telephone: (808) 523-2300
Facsimile: (808) 697-5304
Email: bjkfaria@perkinlaw.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand                      9687
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

**FARUQI & FARUQI, LLP**
Benjamin Heikali (*Pro Hac Vice Forthcoming*)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

Attorneys for Plaintiffs MICHAEL MAEDA,
and ILIANA SANCHEZ, individually and
on behalf of all others similarly situated

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE FOODS, INC., a corporation; and DOES 1 through 50,<br><br>Defendants. | Civil No. 18-1-1640-10 BIA<br>(Class Action)<br><br>**COMPLAINT; EXHIBITS "1" – "2"; DEMAND FOR JURY TRIAL; SUMMONS** |

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

## COMPLAINT

Plaintiffs Michael Maeda and Iliana Sanchez (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class action against Pinnacle Foods Inc. and DOES 1 through 50 (collectively, "Pinnacle" or "Defendant"), seeking monetary damages, injunctive relief, and other remedies. Plaintiffs make the following allegations based on the investigation of their counsel and on information and belief, except as to allegations pertaining to Plaintiffs individually, which is based on their personal knowledge.

## INTRODUCTION

1.      This is a consumer class action centering around the false and deceptive marketing and sale of the Defendant's Hawaiian brand snacks, including the following products: Hawaiian Kettle Style Potato Chips, Original; Hawaiian Kettle Style Potato Chips, Luau BBQ; Hawaiian Kettle Style Potato Chips, Sweet Maui Onion; Hawaiian Kettle Style Potato Chips, Ginger Wasabi; Hawaiian Kettle Style Potato Chips, Hulapeño; Hawaiian Kettle Style Potato Chips, Mango Habanero; Hawaiian Luau Barbeque Rings; and Hawaiian Sweet Maui Onion Rings (collectively, the "Hawaiian Snacks").

2.      Through false and deceptive labeling, packaging, and advertising, Pinnacle intentionally misleads consumers into believing that the Hawaiian Snacks are made in Hawaii and made from local ingredients.

3.      Despite their name and Hawaiian imagery, the Hawaiian Snacks are actually made in the State of Washington. No local ingredients are used to make the Hawaiian Snacks, nor does Pinnacle have any connection to the State of Hawaii.

4.      In short, Pinnacle is exploiting the State of Hawaii for its own financial benefit, at the expense of deceived consumers. Pinnacle intentionally plays on the false impression that the Hawaiian Snacks are made in Hawaii in order to differentiate its products and thereby maximize corporate profits.

5.      Plaintiffs and other consumers purchased the Hawaiian Snacks because they reasonably believed, based on Pinnacle's labeling, packaging and advertising, that the Hawaiian

2

Snacks are made in Hawaii.  Had Plaintiffs and other consumers known that the Hawaiian Snacks are not made in Hawaii, they would not have purchased the them or would have paid significantly less for them.  As a result, Plaintiffs and other consumers have been deceived and have suffered economic injury.

6.      Plaintiffs seek relief in this action individually, and on behalf of all other similarly situated individuals, who purchased the Hawaiian Snacks during the relevant statute of limitations period, for violations of Hawai'i's consumer protection laws, including Hawai'i's Made in Hawaii statute, H.R.S. § 486-119, Hawai'i's Uniform Deceptive Trade Practice Act ("UDAP"), H.R.S. § 481 *et seq.*, Hawai'i's False Advertising Law, H.R.S. § 708-871; California consumer protection laws, including California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.,* California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; breach of express warranty and breach of implied warranty, common law fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment.

7.      Plaintiffs seek to represent several statewide Classes (defined *infra* in paragraph 51).

8.      Plaintiffs, on behalf themselves and other similarly situated consumers, seek damages, restitution, declaratory and injunctive relief, and all other remedies provided by applicable law or this Court deems appropriate.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction in this matter because Plaintiff Michael Maeda is a resident and citizen of Hawai'i and Defendant is a corporation that is qualified to do business in Hawai'i and regularly conducts business in Hawai'i. Defendant has sufficient minimum contacts in Hawai'i or otherwise intentionally did avail and direct itself of the markets within Hawai'i, through its sale and widespread distribution of the Hawaiian Snacks in Hawai'i and to Hawai'i consumers

3

10.     Venue is proper in this judicial district because Plaintiff Michael Maeda and other Class members reside in this district. The events described herein took place within the jurisdiction of the circuit Court of the First Circuit, State of Hawai'i, and the amount in controversy meets or exceeds the jurisdictional limit of this Court.

## PLAINTIFFS

11.     Plaintiff Michael Maeda is a citizen of the United States and the State of Hawai'i, and currently resides in the County of Honolulu. Between October 2017 and March 2018, Mr. Maeda purchased the Hawaiian Snacks on a number of occasions. Specifically, Mr. Maeda purchased the Hawaiian Kettle Style Potato Chips, Original and Hawaiian Kettle Style Potato Chips, Luau BBQ varieties. Mr. Maeda purchased the Hawaiian Snacks from Longs Drugs in Honolulu, Hawai'i, and Save Smart Supermarket, Lucky Supermarket, and RiteAid, in San Mateo and Truckee, California. In purchasing the Hawaiian Snacks, Mr. Maeda saw and relied on the labeling of the product. Specifically, Mr. Maeda saw and relied on the name "HAWAIIAN" on the Original flavor label, as well as imagery of hula dancers dancing in front of a beach in front of a mountain, surrounded by Hawaiian flora. On the Luau BBQ flavor label, Mr. Maeda saw and relied on the name "HAWAIIAN," as well as imagery of Hawaiians participating in a luau. Based on these representations and images, Mr. Maeda believed he was purchasing authentic potato chips from Hawai'i. However, unbeknownst to Mr. Maeda, the Hawaiian Snacks he purchased were not from Hawai'i, but was instead were made in Washington. Mr. Maeda would not have purchased the Hawaiian Snacks or would have paid significantly less for them had he known that it was made in the continental United States. Therefore, Mr. Maeda suffered injury in fact and lost money as a result of Pinnacle's misleading, false, unfair, and fraudulent practices, as described herein.

12.     Plaintiff Iliana Sanchez is a citizen of the United States and the State of California, and currently resides in Los Angeles County. At various times between November 2017 and February 2018, Ms. Sanchez purchased the Hawaiian Snacks, including the Luau BBQ and Sweet Maui Onion Kettle Style Potato Chips, from a Ralph's location in Carson, California. In purchasing the Hawaiian Snacks, Ms. Sanchez saw and relied on the packaging of the products.

4

Ms. Sanchez saw, and principally relied on, the name of the products, "HAWAIIAN," which is prominently printed at the top of the product packaging. On the Luau BBQ flavor label, Ms. Sanchez additionally saw and relied on the imagery of Hawaiians participating in a luau. Regarding the Sweet Maui Onion flavor, Ms. Sanchez also relied on the imagery of the Hawaiians riding the outrigger canoes. These imageries bolstered her belief that the Hawaiian Snacks are from Hawai'i. Based on these representations, Ms. Sanchez believed she was purchasing an authentic potato chip from Hawai'i.  However, unbeknownst to Ms. Sanchez, the Hawaiian Snacks were not from Hawai'i but were instead were made in Washington State.  Ms. Sanchez would not have purchased the Hawaiian Snacks or would have paid significantly less for them had she known that they were made in the continental United States.  Therefore, Ms. Sanchez suffered injury in fact and lost money as a result of Pinnacle's misleading, false, unfair, and fraudulent practices, as described herein.

## DEFENDANT

13.    Defendant Pinnacle Foods Inc. is a Delaware corporation with its headquarters located in Parsippany, New Jersey.  It is a publicly traded corporation that owns many popular food brands, such as Duncan Hines, Gardein, and Van de Kamp's.  The brand at issue here, Tim's Cascade Snacks, is part of Defendant's Specialty Foods segment.

14.    The true names and capacities of DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sues such DOE Defendants under fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that Plaintiffs and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE Defendants.  Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE Defendants when ascertained.

## FACTUAL ALLEGATIONS

A.    **Background**

15.    The Hawaiian Snacks at issue in this action include the following products:

a.  Hawaiian Kettle Style Potato Chips, Original;

b.  Hawaiian Kettle Style Potato Chips, Luau BBQ;

c.  Hawaiian Kettle Style Potato Chips, Sweet Maui Onion;

d.  Hawaiian Kettle Style Potato Chips, Ginger Wasabi;

e.  Hawaiian Kettle Style Potato Chips, Hulapeño;

f.  Hawaiian Kettle Style Potato Chips, Mango Habanero;

g.  Hawaiian Luau Barbeque Rings; and

h.  Hawaiian Sweet Maui Onion Rings.

16.    At all relevant times, the Hawaiian Snacks were produced by Tim's Cascade Snacks, a brand wholly owned by Pinnacle.

17.    At all relevant times, Pinnacle has distributed and sold the Hawaiian Snacks in the State of Hawai'i, the State of California, and throughout the rest of the United States. The Hawaiian Snacks are sold in mom and pop stores, as well as major retailers and grocery chains such as Amazon.com, Walmart, Target, Safeway, and Ralph's.

18.    At all relevant times, the Hawaiian Snacks have been made in a factory located in Algona, Washington.[1]

19.    Furthermore, and on information and belief, no ingredient used to make the Hawaiian Snacks is from Hawai'i.

**B.    The Labeling And Packaging Of The Hawaiian Snacks Is False And Misleading**

20.    The labeling and packaging of the Hawaiian Snacks is false and deceptive, and misleading to reasonable consumers, including Plaintiffs and Class members.

21.    As depicted in the images below, in order to create the impression that the Hawaiian Snacks are made in Hawaii, *all* of the Hawaiian Snacks bear the word "HAWAIIAN" in big bold letters on the top of the label.

---

[1] Pinnacle Foods Inc., Annual Report (Form 10-K) p. 1 (Mar. 1, 2018).

22.   Pinnacle intentionally reinforces the "HAWAIIAN" representation by making references to and depicting images of Hawaiian landmarks, traditions, history, and culture on each of the Hawaiian Snacks:

**Hawaiian Kettle Style Potato Chips, Original**

23.   As shown in the figure below, the front label of the Hawaiian Kettle Style Potato Chips, Original says "HAWAIIAN" and depicts hula dancers dancing on the coast of a beach, in front of a mountain range. Hawaiian lei flowers surround the image:



**Hawaiian Kettle Style Potato Chips, Luau BBQ**

24.   As shown in the figure below, the front label of the Hawaiian Kettle Style Potato Chips, Luau BBQ says "HAWAIIAN" and depicts native Hawaiians participating in a luau – a traditional Hawaiian party – on the beach.  Hawaiian flora surrounds the image.



**Hawaiian Kettle Style Potato Chips, Sweet Maui Onion**

25.    As shown in the figure below, the front label of the Hawaiian Kettle Style Potato Chips, Sweet Maui Onion says "HAWAIIAN" and depicts native Hawaiians riding an outrigger canoe.  Local flora surrounds the image.



<u>**Hawaiian Kettle Style Potato Chips, Ginger Wasabi**</u>

26.      As shown in the figure below, the front label of the Hawaiian® Kettle Style Potato Chips, Ginger Wasabi says "HAWAIIAN" and depicts a Hawaiian woman sitting against a palm tree and playing the ukulele in front of a large breaking wave. Local flora surrounds the image.



**Hawaiian Kettle Style Potato Chips, Hulapeño**

27.     As shown in the figure below, the front label of the Hawaiian Kettle Style Potato Chips, Hulapeño says "HAWAIIAN" and depicts a hula fire dancer in front of the ocean with mountains in the backdrop. Local flora surrounds this image.



**Hawaiian Kettle Style Potato Chips, Mango Habanero**

28.     As shown in the figure below, the front label of the Hawaiian Kettle Style Potato Chips, Mango Habanero says "HAWAIIAN" and depicts a hula dancer dancing in front of an erupting volcano.  Local flora surrounds the image.



**Hawaiian Luau Barbeque Rings**

29.    As shown in the figure below, the front label of the Hawaiian Luau Barbeque Rings says "HAWAIIAN" and depicts native Hawaiians participating in a luau – a traditional Hawaiian party – on the beach.  Hawaiian flora surrounds the image.



**Hawaiian Sweet Maui Onion Rings**

30.     As shown in the figure below, the front label of the Hawaiian Sweet Maui Onion Rings says "HAWAIIAN" and depicts native Hawaiians riding an outrigger canoe. Local flora surrounds the image.



C.   **The Labeling And Packaging Of The Hawaiian Snacks Misleads Consumers**

31.   In sum, the name "HAWAIIAN" used on all of the Hawaiian Snacks, in addition to prominent images of Hawaiian landmarks, traditions, history, and culture, taken in isolation and as a whole, create the false impression that the Hawaiian Snacks are made in Hawaiʻi, and of local ingredients, when they are not.

32.   Consumers purchasing the Hawaiian Snacks reasonably believe that based on the word "HAWAIIAN" prominently printed at the top of the front package, in addition to Hawaiian imagery, the Hawaiian Snacks are made in Hawaiʻi and are therefore Hawaiian products.

33.   Defendant deceptively advertises the Hawaiian Snacks as local snacks in order to exploit strong consumer sentiment for Hawaiian-made goods.  Consumers like the idea of buying products from Hawaiʻi because it is a unique place and they associate Hawaiʻi with positive feelings and emotions.

D.   **Where the Hawaiian Snacks Are Made Is Material To Consumers**

34.   The Hawaiʻi-brand image in the context of marketing and consumer purchase decisions is extremely powerful.  Consumers purchase items, and are willing to pay more for items, because they are from Hawaiʻi.

35.   Pinnacle is acutely aware that Class members value local products and are willing to purchase products because they are locally-made and/or pay more for such products because they are locally-made.  Class members value Hawaiʻi products because it makes them think of Hawaiʻi and differentiates the products from those made on the mainland.

36.   Pinnacle's entire marketing model for Hawaiian Snacks is designed to exploit this sentiment in order to maximize profits at the expense of deceived consumers.

37.   Indeed, Pinnacle has even admitted the Hawaiian Snacks sell because consumers believe that they are actually from Hawaiʻi. In a November 2011 article in Hawaii Business Magazine, Jeff Leichleiter, general manager for Tim's Cascade Snacks was quoted as saying, "We

know 'Luau Barbeque Rings' doesn't make sense, but 98 percent of the country doesn't know . . . The Hawaii image is a powerful brand – and it's done well for us."[2]

38.     In the same November 2011 article, Mr. Leichleiter said his company's approach was both "strategic" and "profitable."[3]

39.     In the same November 2011 article, James "Jimmy" Chan, the owner of Hawaiian Chip Co., was quoted as saying, "If your product is made in Hawaii, I think that's instantly added value to the product . . . People tend to understand that, if it's made here, it will cost more . . . ."[4]

**E.     Plaintiffs And Class Members Were Harmed**

40.     During the relevant statute of limitations period, Plaintiff Maeda purchased at least one of the Hawaiian Snacks at a retail store located in the State of Hawai'i and in the State of California.

41.     During the relevant statute of limitations period, Plaintiff Sanchez purchased at least one of the Hawaiian Snacks at a retail store located in the State of California.

42.     Plaintiffs and other Class members purchased the Hawaiian Snacks relying on the content of the labeling described above,[5] and reasonably believing that the Hawaiian Snacks were made in Hawai'i. Plaintiffs' and Class members' beliefs that the Hawaiian Snacks they purchased were made in Hawai'i was a significant factor in each of their decisions to purchase the products at issue.

43.     Plaintiffs and Class members did not know, and have no reason to know, that the Hawaiian Snacks were not made in Hawai'i because of how the Hawaiian Snacks are deceptively labeled and advertised to create the impression that they are made in Hawai'i.

44.     It is custom and practice for retailers to display the Products on store shelves and displays with only the front panel facing the consumer. Moreover, Research indicates that 90% of

---

[2] http://www.hawaiibusiness.com/not-made-in-hawaii/ (last visited October 5, 2018).

[3] *Id.*

[4] *Id.*

[5] *See, supra*, Paragraphs 11-12.

consumers make a purchase after only visually examining the front of the packaging without physically having the product in their hands.[6]

45.     Pinnacle knew or should have known that Plaintiffs and other Class members did and would rely on the labeling, packaging and advertising of the Hawaiian Snacks in purchasing them, and would reasonably believe that the Hawaiian Snacks were made in Hawai'i.

46.     Because the Hawaiian Snacks are not made in Hawai'i as advertised and reasonably expected by Plaintiffs and other consumers, Pinnacle's branding of the Hawaiian Snacks was and continues to be false and deceptive.

47.     Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Hawaiian Snacks (1) contains the word "HAWAIIAN" on the front package; (2) contains pervasive imagery of Hawaiian landmarks, traditions, history, and culture on the front package, and (3) is not made in Hawai'i.

48.     Plaintiffs and other consumers have paid a premium for the Hawaiian Snacks. Plaintiffs and other consumers would have paid significantly less for the Hawaiian Snacks had they known that they were not made in Hawai'i, but were instead made by a mainland company in Washington State. In the alternative, Plaintiffs and other consumers would not have purchased the Hawaiian Snacks at all had they known that they were not made in Hawai'i. Therefore, Plaintiffs and other consumers purchasing the Hawaiian Snacks suffered injury in fact and lost money as a result of Pinnacle's false, unfair, and fraudulent practices, as described herein.

49.     As a result of its misleading business practice, and the harm caused to Plaintiffs and other consumers, Pinnacle should be enjoined from deceptively representing that the Hawaiian Snacks are made in Hawai'i. Furthermore, Pinnacle should be required to pay for all damages caused to misled consumers, including Plaintiffs.

---

[6] Clement, J., *Visual influence on in-store buying decisions: an eye-track experiment on the visual influence of packaging design*, 23 Journal of Marketing Management, 917–928 (2007).

50.   Despite being misled by Pinnacle, Plaintiffs wish and are likely to continue purchasing Hawaiian Snacks, if they are made in Hawaiʻi or if they could rely with confidence on the packaging and could then make an informed purchasing decision based on truthful information regarding where the Hawaiian Snacks are made. Although Plaintiffs regularly visit stores where the Hawaiian Snacks are sold, because they were deceived in the past by Pinnacle, absent an injunction, they will be unable to rely with confidence on Pinnacle's representations in the future and will therefore abstain from purchasing the Hawaiian Snacks, even though they would like to purchase them. In addition, members of the proposed Classes run the risk of continuing to purchase the Hawaiian Snacks, under the assumption that the Hawaiian Snacks are made in Hawaii. Until Pinnacle begins to produce the Hawaiian Snacks in Hawaiʻi or is enjoined from making further false and misleading representations, Plaintiffs and other consumers will continue to bear this ongoing injury.

## CLASS ACTION ALLEGATIONS

51.   Plaintiffs bring this class action pursuant to Rule 23 of the Hawaiʻi Rules of Civil Procedure, individually and on behalf of all members of the following Classes:

**Hawaii Class**
All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks, in the State of Hawaiʻi.

**California Class**
All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks, in the State of California.

**California Consumer Subclass**
All persons, who, within the relevant statute of limitations period, purchased any of the Hawaiian Snacks for personal, family, or household purpose, in the State of California.

52.   Excluded from the Classes are the following individuals and/or entities: Pinnacle and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Pinnacle has a controlling interest; all individuals who make a timely election to

be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

53.     Plaintiffs reserve the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

54.     Plaintiff Maeda is a member of the Hawaii Class, California Class, and California Consumer Subclass.

55.     Plaintiff Sanchez is a member of the California Class and California Consumer Subclass.

56.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. Hawaiian Snacks are sold throughout Hawaiʻi and California at grocery chains, pharmacy chains, mom and pop stores, and large retail outlets including, but not limited to, CVS, Safeway, Ralphs, 7-Eleven, Walmart, Target, Amazon.com, etc.   The number of individuals who purchased the Hawaiian Snacks in Hawaiʻi and California, during relevant time period is at least in the thousands. According to the November 2011 article referenced earlier in this Complaint, Mr. Leichleiter estimated that the Hawaiian Snacks brand sells about 9 million 8-ounce bags of chips annually.[7] Accordingly, Class members are so numerous that their individual joinder herein is impractical.  While the precise number of Class members and their identities are unknown to Plaintiffs at this time, these Class members are identifiable and ascertainable through proofs of purchase and other records.

57.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

---

[7] http://www.hawaiibusiness.com/not-made-in-hawaii/ (last visited October 5, 2018).

a. Whether Pinnacle misrepresented material facts and/or failed to disclose material facts in connection with the labeling, packaging, marketing, distribution, and sale of the Hawaiian Snacks;

b. Whether Pinnacle's use of false or deceptive packaging and advertising constituted false or deceptive advertising;

c. Whether Pinnacle engaged in unfair, unlawful and/or fraudulent business practices;

d. Whether Pinnacle's unlawful conduct, as alleged herein, was intentional and knowing;

e. Whether Plaintiffs and the Classes are entitled to damages and/or restitution, and in what amount;

f. Whether Pinnacle is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

g. Whether Plaintiffs and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

58. Pinnacle engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiffs and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Pinnacle's deceptive packaging and advertising of the Hawaiian Snacks. Each instance of harm suffered by Plaintiffs and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

59. Superiority: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized

litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

60.   <u>Typicality</u>: The representative Plaintiffs' claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Pinnacle's uniform unlawful conduct as alleged herein.

61.   <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in class action litigation.  The interests of the members of the Classes will be fairly and adequately protected by the Plaintiffs and their counsel.

62.   This lawsuit is maintainable as a class action under HRCP Rule 23 because Pinnacle acted, or failed to act, on grounds generally applicable to Plaintiffs and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

### FIRST CLAIM FOR RELIEF
#### Violation of Hawaiʻi's Made in Hawaiʻi Statute,
#### H.R.S. § 486-119
#### (*For the Hawaii Class Against Defendants*)

63.   Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

64.   Plaintiff Maeda brings this claim individually and on behalf of the members of the proposed Hawaii Class against Pinnacle.

65.   H.R.S. § 486-119(a) provides:

"No person shall keep, offer, display or expose for sale, or solicit for the sale of *any item, product, souvenir, or any other merchandise* that is labeled 'made in Hawaii' or that *by any other means misrepresents the origin of the item as being from any place within the State*, or uses the phrase 'made in Hawaii' as an advertising or media tool for any craft item that has not been manufactured, assembled, fabricated, or produced within the State and that has *not had at least fifty-one per cent of its wholesale value added by manufacture, assembly, fabrication, or production within the State*."

(emphasis added).

66.     H.R.S. § 486-119(b). provides:

"Subsection (a) notwithstanding, no person shall keep, offer, display, expose for sale, or solicit the sale of *any perishable consumer commodity* that is labeled 'made in Hawaii', 'produced in Hawaii', or 'processed in Hawaii' or that *by any other means represents the origin of the perishable consumer commodity as being from any place within the State*, or use the phrase 'made in Hawaii', 'produced in Hawaii', or 'processed in Hawaii' as an advertising or media tool for any perishable consumer commodity, unless the perishable consumer commodity is wholly or partially manufactured, processed, or produced within the State from raw materials that originate from inside or outside the State and *at least fifty-one per cent of the wholesale value of the perishable consumer commodity is added by manufacture, processing, or production within the State*."

(emphasis added)

67.     Hawaiian Snacks are "items," "products," and/or "merchandise" within the meaning of H.R.S. § 486-119(a). The Hawaiian Snacks are also "perishable consumer commodities" within the meaning of H.R.S. § 486-119(b).

68.     As alleged herein, Pinnacle has misrepresented the origin of Hawaiian Snacks as being made in Hawai'i when they are actually made on the mainland. Because Hawaiian Snacks are wholly manufactured on the mainland using no Hawai'i ingredients and no labor originating in Hawai'i, zero percent of the wholesale value of Hawaiian Snacks come from within the State of Hawai'i. Thus, Pinnacle has violated subsections (a) and/or (b) of H.R.S. § 486-119.

69.     At all relevant times, Pinnacle has known or reasonably should have known that the Hawaiian Snacks were not made in Hawai'i, but instead were made on the mainland, and that Plaintiff Maeda and other members of the Hawaii Class would reasonably and justifiably rely on the labeling, packaging and other advertisements in purchasing the Hawaiian Snacks.

70.     Plaintiff Maeda and members of the Hawai'i Class have reasonably and justifiably relied on Pinnacle's misleading conduct when purchasing the Hawaiian Snacks. Moreover, based on the materiality of Pinnacle's misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Hawaiian Snacks may be presumed or inferred for Plaintiff Maeda and members of Hawai'i Class.

71.     Plaintiff Maeda and members of the Hawai'i Class have suffered and continue to suffer injuries caused by Pinnacle because they would not have purchased the Hawaiian Snacks or would have paid significantly less for the Hawaiian Snacks had they known that Pinnacle's conduct was misleading and fraudulent.

72.     Plaintiff Maeda and members of the Class are seeking injunctive relief, preventing Defendants from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

## SECOND CLAIM FOR RELIEF
### Violation of Hawai'i's Uniform Deceptive Trade Practice Act ("UDAP")
### H.R.S. Chapter 480
#### (For the Hawaii Class Against Defendants)

73.     Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

74.     Plaintiff Maeda brings this claim individually and on behalf of the members of the proposed Hawai'i Class against Pinnacle pursuant to HRS § 480, *et seq.*

75.     Plaintiff Maeda and Hawai'i Class members are consumers as defined by HRS § 480-1.

76.     HRS § 480-2(a), declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

77.     Pinnacle violated HRS Chapter 480 and specifically § 480-2(a), by the conduct alleged above including, but not limited to, employing the unfair and deceptive acts and practices set forth herein.  Pinnacle's conduct of misrepresenting, concealing, suppressing, or otherwise omitting its actual practices created a likelihood of confusion or of misunderstanding and was both unfair and deceptive.

78.     As a result of Pinnacle's unlawful business acts and practices, Pinnacle has unlawfully obtained money from Plaintiff Maeda and members of the Hawai'i Class.

79.     As redress for Pinnacle's repeated and ongoing violations of HRS § 480-2(a), Plaintiff Maeda and the members of the Hawai'i Class are entitled to, *inter alia*, damages,

reasonable attorneys' fees and costs, and declaratory relief, pursuant to § 480-13.

80.    Pinnacle's false and misleading advertising of the Hawaiian Snacks therefore was and continues to be "unlawful" because it violates H.R.S. § 486-119 and other applicable laws as described herein.

### THIRD CLAIM FOR RELIEF
### Violation of Hawai'i's False Advertising Law ("FAL"),
### H.R.S. § 708-871, *et seq*
### *(For the Hawaii Class Against Defendants)*

81.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

82.    Plaintiff Maeda brings this claim individually and on behalf of the members of the proposed Hawai'i Class against Pinnacle.

83.    Hawai'i's FAL, H.R.S. § 708-871, provides:
"A person commits the offense of false advertising if, in connection with the promotion of the sale of property or services, the person knowingly or recklessly makes or causes to be made a false or misleading statement in any advertisement addressed to the public or to a substantial number of persons."

84.    Pinnacle has represented and continues to represent to the public, including Plaintiff Maeda and members of the Hawai'i Class, through deceptive packaging and marketing, that the Hawaiian Snacks are products made in Hawaii. Pinnacle's representations are misleading because the Hawaiian Snacks are made in the continental United States. Because Pinnacle has disseminated misleading information regarding the Hawaiian Snacks, and Pinnacle knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Pinnacle has violated Hawai'i's FAL.

85.    Plaintiff Maeda requests that this Court cause Pinnacle to restore this fraudulently obtained money to him and members of the Hawai'i Class, to disgorge the profits Pinnacle made on these transactions, and to enjoin Pinnacle from violating Hawaii's FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Maeda and members of the Hawai'i Class may be irreparably harmed and/or denied an effective and complete remedy if such

an order is not granted.

## FOURTH CLAIM FOR RELIEF
### Violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*
#### (*For the California Consumer Subclass Against Defendants*)

86.     Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

87.     Plaintiffs Maeda and Sanchez bring this claim individually and on behalf of the members of the proposed California Consumer Subclass against Pinnacle.

88.     The Hawaiian Snacks are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Hawaiian Snacks by Plaintiffs Maeda and Sanchez and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

89.     Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services."  By marketing the Hawaiian Snacks with their current labeling, packaging and advertisements, Pinnacle has represented and continues to represent that the source of the Hawaiian Snacks is Hawai'i, when it is not.  Therefore, Pinnacle has violated section 1770(a)(2) of the CLRA.

90.     Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services."  By marketing the Hawaiian Snacks with their current labeling, packaging and advertisements, Pinnacle has used deceptive representations and designations of the product's geographical origin (Hawai'i).  Therefore, Pinnacle has violated section 1770(a)(4) of the CLRA.

91.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . . ."  By marketing the Hawaiian Snacks with their current labeling, packaging and advertisements, Pinnacle has represented and continues to represent that the products have characteristics (made in

Hawai'i) which they do not have.  Therefore, Pinnacle has violated section 1770(a)(5) of the CLRA.

92.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Hawaiian Snacks with their current labeling packaging and advertisements, Pinnacle has represented and continues to represent that the products are made in Hawai'i when they are actually made in the mainland.  Therefore, Pinnacle has violated section 1770(a)(7) of the CLRA.

93.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By packaging and marketing the Hawaiian Snacks as being from Hawai'i, and then intentionally not selling the products as such, Pinnacle has violated section 1770(a)(9) of the CLRA.

94.     At all relevant times, Pinnacle has known or reasonably should have known that the Hawaiian Snacks are not made in Hawai'i, but instead were made in the continental United States, and that Plaintiffs Maeda and Sanchez and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging and other advertisements in purchasing the products.

95.     Plaintiffs Maeda and Sanchez and members of the California Consumer Subclass have reasonably and justifiably relied on Pinnacle's misleading, and fraudulent conduct when purchasing the Hawaiian Snacks.  Moreover, based on the materiality of Pinnacle's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the products may be presumed or inferred for Plaintiffs Maeda and Sanchez and members of California Consumer Subclass.

96.     Plaintiffs Maeda and Sanchez and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Pinnacle because they would not have purchased Hawaiian Snacks or would have paid significantly less for the Hawaiian Snacks had they known that Pinnacle's conduct was misleading and fraudulent.

97.     Under Cal. Civ. Code § 1780(a), Plaintiffs Maeda and Sanchez and members of the

California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Pinnacle from further wrongful acts and unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

98.    Pursuant to Cal. Civ. Code § 1782, on August 30, 2018, counsel for Plaintiffs Maeda and Sanchez mailed a notice and demand letter by certified mail, with return receipt requested, to Pinnacle.  Pinnacle received the notice and demand letter on September 4, 2018. Because Pinnacle has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received the notice and demand letter, Plaintiffs Maeda and Sanchez are timely filing this Complaint for damages pursuant to the CLRA. Concurrent with the filing of the Complaint, Plaintiffs Maeda and Sanchez are filing declarations of venue, consistent with Cal. Civ. Code § 1780(d), attached hereto as Exhibits 1 and 2.

### FIFTH CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law ("UCL"),
### California Business & Professions Code §§ 17200, *et seq.*
#### (For the California Class Against Defendants)

99.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

100.    Plaintiffs Maeda and Sanchez bring this claim individually and on behalf of the members of the proposed California Class against Pinnacle.

101.    UCL § 17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

102.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

103.    Pinnacle's false and misleading advertising of the Hawaiian Snacks therefore was and continues to be "unlawful" because it violates the Hawaiʻi's Made in Hawaii law, the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

104.    As a result of Pinnacle's unlawful business acts and practices, Pinnacle has

27

unlawfully obtained money from Plaintiffs Maeda and Sanchez and members of the California Class.

105.    Under the UCL, a business act or practice is "unfair" if the defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

106.    Pinnacle's conduct was and continues to be of no benefit to purchasers of the Hawaiian Snacks, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the product's packaging and marketing in making purchasing decisions.   Creating consumer confusion as to the actual location of where the product is made and the characteristics of the product is of no benefit to consumers.   Therefore, Pinnacle's conduct was and continues to be "unfair."

107.    As a result of Pinnacle's unfair business acts and practices, Pinnacle has and continues to unfairly obtain money from Plaintiffs Maeda and Sanchez and members of the California Class.

108.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

109.    Pinnacle's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Hawaiian Snacks are made in Hawai'i, when they are not.   Because Defendants misled Plaintiff Maeda and Sanchez and members of the California Class, Pinnacle's conduct was "fraudulent."

110.    As a result of Pinnacle's fraudulent business acts and practices, Pinnacle has and continues to fraudulently obtain money from Plaintiffs Maeda and Sanchez and members of the California Class.

111.    Plaintiffs Maeda and Sanchez request that this Court cause Pinnacle to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiffs Maeda and Sanchez and members of the California Class, to disgorge the profits Pinnacle made on these transactions, and

to enjoin Pinnacle from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiffs Maeda and Sanchez and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### SIXTH CLAIM FOR RELIEF
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
***(For the California Class Against Defendants)***

112.   Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

113.   Plaintiffs Maeda and Sanchez bring this claim individually and on behalf of the members of the proposed California Class against Pinnacle.

114.   California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

115.   Pinnacle has represented and continues to represent to the public, including Plaintiffs Maeda and Sanchez and members of the California Class, through deceptive packaging and marketing, that the Hawaiian Snacks are made in Hawai'i. Pinnacle's representations are false and misleading because the Hawaiian Snacks are made in the continental United States. Because Pinnacle has disseminated misleading information regarding the Hawaiian Snacks, and Pinnacle knows, knew, or should have known through the exercise of reasonable care that the representation was and continues to be misleading, Pinnacle has violated California's FAL.

116.   As a result of Pinnacle's false advertising, Pinnacle has and continues to fraudulently obtain money from Plaintiffs Maeda and Sanchez and members of the California Class.

117.   Plaintiffs Maeda and Sanchez request that this Court cause Pinnacle to restore this fraudulently obtained money to Plaintiffs Maeda and Sanchez and members of the California Class, to disgorge the profits Pinnacle made on these transactions, and to enjoin Pinnacle from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiffs Maeda and Sanchez and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SEVENTH CLAIM FOR RELIEF
### Breach of Express Warranty
### H.R.S. § 490 *et seq.*; Cal. Comm. Code § 2313
### (*For the California Class and Hawai'i Class Against Defendants*)

118.   Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

119.   Plaintiffs bring this claim individually and on behalf of the members of the proposed California Class and Hawai'i Class against Pinnacle.  Hawai'i and California have identical laws with respect to express warranty, as they all follow the Uniform Commercial Code.

120.   H.R.S. § 490:2-313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." H.R.S. § 490:2-315.

121.   With respect to the California Class, California and Hawai'i law are the same.  *See* Cal. Comm. Code § 2313.

122.   Through its "HAWAIIAN" representation and Hawaiian imagery, Pinnacle has expressly warranted on the packaging of the Hawaiian Snacks that the products are made in Hawai'i.  These representations about the Hawaiian Snacks: (1) are affirmations of fact or promises made by Pinnacle to consumers that the Hawaiian Snacks are in made in Hawai'i; (2) became part of the basis of the bargain to purchase the Hawaiian Snacks; and (3) created an express warranty

30

that the Hawaiian Snacks would conform to these affirmations of fact or promises. In the alternative, the representations about the Hawaiian Snacks are descriptions of goods which were made as part of the basis of the bargain to purchase the Hawaiian Snacks, and which created an express warranty that the Hawaiian Snacks would conform to the product descriptions.

123. Plaintiffs and members of the California Class and Hawai'i Class reasonably and justifiably relied on the foregoing express warranties, believing that the Hawaiian Snacks did in fact conform to these warranties.

124. Pinnacle has breached the express warranties made to Plaintiffs and members of the California Class and Hawai'i Class by failing to make the Hawaiian Snacks in Hawai'i.

125. Plaintiffs and members of the California Class and Hawai'i Class paid a premium price for the Hawaiian Snacks but did not obtain the full value of the products as represented. If Plaintiffs and members of the California Class and Hawai'i Class had known of the true nature of the Hawaiian Snacks, they would not have purchased the products or would not have been willing to pay the premium price associated with the products.

126. As a result, Plaintiffs and members of the California Class and Hawai'i Class have suffered injury and deserve to recover all damages afforded under the law.

## EIGHT CLAIM FOR RELIEF
### Breach of Implied Warranty
### H.R.S. § 490 *et seq.*; Cal. Comm. Code § 2314
*(For the California Class and Hawai'i Class Against Defendants)*

127. Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

128. Plaintiffs bring this claim individually and on behalf of the members of the proposed California Class and Hawai'i Class against Pinnacle. Hawai'i and California have identical laws with respect to implied warranties, as they all follow the Uniform Commercial Code.

129. H.R.S. § 490:2-2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods

of that kind." H.R.S. § 490:2-2314(1).

130.    H.R.S. § 490:2-2314(2) provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." H.R.S. § 490:2-2314(2).

131.    For the California Class, the laws in California and Hawai'i are the same. *See* Cal. Comm. Code § 2314.

132.    Pinnacle is a merchant with respect to the sale of food products, including the Hawaiian Snacks here. Therefore, a warranty of merchantability is implied in every contract for sale of the Hawaiian Snacks to consumers.

133.    By advertising the Hawaiian Snacks with their current labeling, Pinnacle made an implied promise that the Hawaiian Snacks were made in Hawai'i. By not making the Hawaiian Snacks in Hawai'i, Pinnacle has not "conformed to the promises…made on the container or label." Plaintiffs and members of the California Class and Hawai'i Class did not receive the goods as impliedly warranted by Pinnacle to be merchantable.

134.    Therefore, the Hawaiian Snacks are not merchantable under Hawai'i or California law and Pinnacle has breached its implied warranty of merchantability in regard to the Hawaiian Snacks.

135.    If Plaintiffs and members of the California Class and Hawai'i Class had known that the Hawaiian Snacks were not made in Hawai'i, they would not have purchased the products or would not have been willing to pay the premium price associated with the products. Therefore, as a direct and/or indirect result of Pinnacle's breach, Plaintiffs and members of California Class and Hawai'i Class have suffered injury and deserve to recover all damages afforded under the law.

### NINTH CLAIM FOR RELIEF
#### Common Law Fraud
*(For the California Class and Hawai'i Class Against Defendants)*

136.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

137.   Plaintiffs bring this claim individually and on behalf of the members of the California Class and Hawai'i Class against Pinnacle.

138.   Pinnacle has willfully, falsely, or knowingly packaged and marketed the Hawaiian Snacks in a manner indicating that the Hawaiian Snacks are made in Hawai'i. However, the Hawaiian Snacks are not made in Hawai'i and instead are made in the continental United States. Therefore, Pinnacle has made misrepresentations as to the Hawaiian Snacks.

139.   Pinnacle's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the Hawaiian Snacks and where the products are made.

140.   Pinnacle knew or recklessly disregarded the fact that the Hawaiian Snacks are not made in Hawai'i.

141.   Pinnacle intends that Plaintiffs and other consumers rely on these representations, as evidenced by Pinnacle's intentionally naming all of the products at issue "HAWAIIAN," and using labeling that invokes popular Hawaiian images and makes references to Hawaiian landmarks, history, traditions, and culture.  Furthermore, Pinnacle's admission in paragraphs 37-38 confirms this intention.

142.   Plaintiffs and members of the California Class and Hawai'i Class have reasonably and justifiably relied on Pinnacle's misrepresentations when purchasing the Hawaiian Snacks and had the correct facts been known, would not have purchased the Hawaiian Snacks or would not have purchased them at the prices at which they were offered.

143.   Therefore, as a direct and proximate result of Pinnacle's fraud, Plaintiffs and members of the California Class and Hawai'i Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Hawaiian Snacks, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**TENTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**

33

*(For the California Class and Hawai'i Class Against Defendants)*

144.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

145.    Plaintiffs bring this claim individually and on behalf of the members of the California Class and Hawai'i Class against Pinnacle.

146.    Pinnacle marketed the Hawaiian Snacks in a manner indicating that the Hawaiian Snacks were made in Hawai'i.  However, the Hawaiian Snacks are not made in Hawai'i and instead are made in the continental United States. Therefore, Pinnacle has made misrepresentations as to the Hawaiian Snacks.

147.    Pinnacle's misrepresentations regarding the Hawaiian Snacks are material to a reasonable consumer because they relate to the characteristics of the product and the location of where the product are made.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

148.    At all relevant times when such misrepresentations were made, Pinnacle knew that the representations were misleading, or have acted recklessly in making the representations, without regard to the truth.

149.    Pinnacle intended that Plaintiffs and other consumers rely on these representations, as evidenced by Pinnacle's intentionally naming all of the products at issue "HAWAIIAN," and using labeling that invokes popular Hawaiian images and makes references to Hawaiian landmarks, history, traditions, and culture.  Furthermore, Pinnacle's admission in paragraphs 37-38 confirms this intention.

150.    Plaintiffs and members of the California Class and Hawai'i Class have reasonably and justifiably relied on Pinnacle's intentional misrepresentations when purchasing the Hawaiian Snacks, and had the correct facts been known, would not have purchased the Hawaiian Snacks or would not have purchased them at the prices at which they were offered.

151.    Therefore, as a direct and proximate result of Pinnacle's intentional misrepresentations, Plaintiffs and members of the California Class and Hawai'i Class have

suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Hawaiian Snacks, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### *(For the California Class and Hawai'i Class Against Defendants)*

152.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

153.    Plaintiffs bring this claim individually and on behalf of the members of the California Class and Hawai'i Class against Pinnacle.

154.    Pinnacle marketed the Hawaiian Snacks in a manner indicating that the Hawaiian Snacks were made in Hawai'i.  However, the Hawaiian Snacks are not made in Hawaii and instead are made in the continental United States.  Therefore, Pinnacle has made misrepresentations as to the Hawaiian Snacks.

155.    Pinnacle's misrepresentations regarding the Hawaiian Snacks are material to a reasonable consumer because they relate to the characteristics of the products and where the products are made.  A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

156.    At all relevant times when such misrepresentations were made, Pinnacle knew or has been negligent in not knowing that that the Hawaiian Snacks were not made in Hawai'i and instead were made in the continental United States.  Pinnacle had no reasonable grounds for believing that its representations were not false and misleading.

157.    Pinnacle intends that Plaintiffs and other consumers rely on these representations, as evidenced by Pinnacle's intentionally naming all of the products at issue "HAWAIIAN," and using labeling that invokes popular Hawaiian images and makes references to Hawaiian landmarks, history, traditions, and culture.  Furthermore, Pinnacle's admission in paragraphs 37-38 confirms this intention.

158.    Plaintiffs and members of the California Class and Hawai'i Class have reasonably and justifiably relied on Pinnacle's negligent misrepresentations when purchasing the Hawaiian Snacks, and had the correct facts been known, would not have purchased the Hawaiian Snacks or would not have purchased them at the prices at which they were offered.

159.    Therefore, as a direct and proximate result of Pinnacle's negligent misrepresentations, Plaintiffs and members of the California Class and Hawai'i Class have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Hawaiian Snacks, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### TWELFTH CLAIM FOR RELIEF
#### Quasi Contract/Unjust Enrichment/Restitution
*(For the California Class and Hawai'i Class Against Defendants)*

160.    Plaintiffs repeat the allegations contained in paragraphs 1-62 above as if fully set forth herein.

161.    Plaintiffs bring this claim individually and on behalf of the members of the California Class and Hawai'i Class against Pinnacle.

162.    As alleged herein, Pinnacle has intentionally and recklessly made misleading representations to Plaintiffs and members of the California Class and Hawai'i Class to induce them to purchase the Hawaiian Snacks.  Plaintiffs and members of the California Class and Hawai'i Class have reasonably relied on the misleading representations and have not received all of the benefits promised by Pinnacle.  Plaintiffs and members of the California Class and Hawai'i Class therefore have been induced by Pinnacle's misleading and false representations about the Hawaiian Snacks, and paid for them when they would and/or should not have or paid more money to Pinnacle for the products than they otherwise would and/or should have paid.

163.    Plaintiffs and members of the California Class and Hawai'i Class have conferred a benefit upon Pinnacle as Pinnacle has retained monies paid to them by Plaintiffs and members of the California Class and Hawai'i Class ,

164.    The monies received were obtained under circumstances that were at the expense of Plaintiffs and members of the California Class and Hawai'i Class – i.e., Plaintiffs and members of the California Class and Hawai'i Class did not receive the full value of the benefit.

165.    Therefore, it is inequitable and unjust for Pinnacle to retain the profit, benefit, or compensation conferred upon them without paying Plaintiffs and the members of the California Class and Hawai'i Class back for the difference of the full value of the benefits compared to the value actually received.

166.    As a direct and proximate result of Pinnacle's unjust enrichment, Plaintiffs and members of the California Class and Hawai'i Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Pinnacle from its deceptive, misleading, and unlawful conduct as alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, respectfully pray for following relief:

1.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiffs as Class representatives, and appointment of their counsel as Class counsel;

2.    A declaration that Pinnacle's actions, as described herein, violate the laws and claims described herein;

3.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Classes, including, *inter alia*, an order prohibiting Pinnacle from engaging in the unlawful act described above;

4.    An award to Plaintiffs and the proposed classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Pinnacle obtained from Plaintiffs and the proposed classes as a result of its unlawful, unfair and fraudulent business practices described herein;

5.      An award of all economic, monetary, actual, consequential, and compensatory damages caused by Pinnacle's conduct;

6.      An award of punitive damages;

7.      An award to Plaintiffs and their counsel of their reasonable expenses and attorneys' fees;

8.      An award to Plaintiffs and the proposed classes of pre and post-judgment interest, to the extent allowable; and

For such further relief that the Court may deem just and proper.

DATED: HONOLULU, HAWAI'I, October 12, 2018

_____
BRANDEE J.K. FARIA
AUBRY WAND

Attorneys for Plaintiffs
MICHAEL MAEDA and ILIANA
SANCHEZ individually and on
behalf of all others similarly situated

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

MICHAEL MAEDA and ILIANA
SANCHEZ, individually and on behalf of all
others similarly situated.

         Plaintiffs,

         v.

PINNACLE FOODS INC., a corporation; and
DOES 1 through 50,

         Defendants.

Civil No. _____
(Class Action)

**DECLARATION OF MICHAEL MAEDA
PURSUANT TO CALIFORNIA CIVIL
CODE SECTION 1780(d)**

### DECLARATION OF MICHAEL MAEDA

I, MICHAEL MAEDA, declare as follows:

1.     I am competent to testify to the matters set forth herein.

2.     I am a citizen of the United States and am a resident of Honolulu, Hawaii.

3.     This complaint is filed in the proper place of trial because Defendant Pinnacle Foods Inc. conducts a substantial amount of business in this circuit, and I purchased the Hawaiian Snacks in this circuit.

I, MICHAEL MAEDA, do declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

Dated: Honolulu, Hawai'i, 11 Oct 18

_____
MICHAEL MAEDA



IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, on behalf of themselves and all others similarly situated, | Civil No. _____ (Class Action) |
| Plaintiffs, | **DECLARATION OF ILIANA SANCHEZ PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)** |
| v. | |
| PINNACLE FOODS INC., a corporation; and DOES 1 through 50, | |
| Defendants. | |

I, ILIANA SANCHEZ, declare as follows:

1.    I am competent to testify to the matters set forth herein.

2.    I am a citizen of the United States and am a resident of the State of California, in the Los Angeles County.

3.    This complaint is filed in the proper place of trial because Defendant Pinnacle Foods Inc. conducts a substantial amount of business in this circuit.

I, ILIANA SANCHEZ, do declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

Dated: _____ in Los Angeles, California.

ILIANA SANCHEZ

**EXHIBIT**
"2"

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, on behalf of themselves and all others similarly situated, | Civil No. _____ 1 0 - 1 - 1 6 4 0 - 1 0 <br> (Class Action) |
| Plaintiffs, | DEMAND FOR JURY TRIAL |
| v. | |
| PINNACLE FOODS INC., a corporation; and DOES 1 through 50, | |
| Defendants. | |

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the proposed Classes, hereby demand a jury trial with respect to all issues triable of right by jury.

DATED: HONOLULU, HAWAI'I, October *12*, 2018

_____
BRANDEE J.K. FARIA
AUBRY WAND

Attorneys for Plaintiffs
MICHAEL MAEDA and ILIANA
SANCHEZ individually and on
behalf of all others similarly situated

1

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

MICHAEL MAEDA and ILIANA
SANCHEZ, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

        v.

PINNACLE FOODS INC., a corporation; and
DOES 1 through 50,

        Defendants.

Civil No.  18 - 1 - 1 6 4 0 - 1 0
(Class Action)

SUMMONS

## SUMMONS

STATE OF HAWAI'I

TO THE ABOVE NAMED DEFENDANTS PINNACLE FOODS INC., a corporation; and
DOES 1 through 50,

        YOU ARE HEREBY summoned and required to file with the court and serve upon
Plaintiff's attorneys, PERKIN & FARIA, LLLC, whose address is 841 Bishop Street, Suite 1000,
Honolulu, Hawaii 96813, an answer to the Complaint which is attached. This action must be taken
within twenty (20) days after service of this Summons upon you, exclusive of the day of service.
If you fail to make your answer within the twenty (20) day time limit, judgment by default will be
taken against you for the relief demanded in the Complaint.

        Pursuant to Rule 4(b) of the Hawaii Rules of Civil Procedure, this Summons shall not be
personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public,

unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii_____OCT 1 2 2018_____

F. OTAKE   SEAL

_____
CLERK OF THE ABOVE-ENTITLED COURT

**COPY**

**PERKIN & FARIA LLLC**
Brandee J.K. Faria                          6970
841 Bishop St. Suite 1000
Honolulu, Hawaii 96813
Telephone: (808) 523-2300
Facsimile: (808) 697-5304
Email: bjkfaria@perkinlaw.com

**THE WAND LAW FIRM, P.C.**
Aubry Wand                                  9687
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
E-mail: awand@wandlawfirm.com

**FARUQI & FARUQI, LLP**
Benjamin Heikali (*Pro Hac Vice Forthcoming*)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

Attorneys for Plaintiffs MICHAEL MAEDA,
and ILIANA SANCHEZ, individually and
on behalf of all others similarly situated

**FIRST CIRCUIT COURT**
**STATE OF HAWAII**
**FILED**

**2018 NOV -8  PM 3: 33**

**J. KUBO**
**CLERK**

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE FOODS, INC., a corporation; and DOES 1 through 50,<br><br>Defendants. | Civil No. 18-1-1640-10 BIA (Class Action)<br><br>**NOTICE OF AFFIDAVIT OF SERVICE; AFFIDAVIT OF SERVICE; CERTIFICATE OF SERVICE**<br><br>Honorable Judge Bert I. Ayabe<br>No Trial Date Set |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

_____
Clerk, First Circuit, State of Hawaii

## NOTICE OF AFFIDAVIT OF SERVICE

NOTICE IS HEREBY GIVEN, that Plaintiffs Michael Maeda and Iliana Sanchez (collectively, the "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys of record, pursuant to Hawaii Rules of Civil Procedure ("HRCP") Rule 4(d)(1)(B), and HRCP 4(g), hereby submit the foregoing *Affidavit of Service* notifying that a certified copy of the *Complaint; Exhibits "1" – "2"; Demand for Jury Trial; Summons*, filed on October 12, 2018, and the *Civil Information Sheet*, filed October 12, 2018, was duly served upon Defendants Pinnacle Foods Inc. and DOES 1 through 50 (collectively, "Pinnacle" or "Defendant"), through PINNACLE FOODS, INC. a Corporation on October 25, 2018 at 11:13 a.m. at 399 Jefferson Rd. Parsippany, NJ. 07064 upon authorized agent JACK KROEGER, whom is authorized to accept service.

DATED: HONOLULU, HAWAI'I, November 8, 2018

BRANDEE J.K. FARIA
AUBRY WAND

Attorneys for Plaintiffs
MICHAEL MAEDA and ILIANA
SANCHEZ individually and on
behalf of all others similarly situated

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| AUBRY WAND SBN 281207<br>THE WAND LAW FIRM<br>400 CORPORATE POINTE #300<br>CULVER CITY CA 90230<br>ATTORNEY FOR    Plaintiff | (310) 848-3554<br><br>Ref. No. or File No.<br>1 | |

| CIRCUIT COURT OF HAWAII, COUNTY OF HOLOLULU<br>777 Punchbowl Street<br>Honolulu, HI 96813 |||
|---|---|---|
| SHORT TITLE OF CASE:<br>Maeda, Michael v. Pinnacle Foods, Inc. |||

| INVOICE NO.<br>2238553 | DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>18-1-1840-10 BIA |
|---|---|---|---|---|

### Affidavit of Service

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

Summons, Complaint; Demand for Jury Trial; Civil Information Sheet;

2. a. Party Served: Pinnacle Foods, Inc., a corporation

   b. Person Served: Jack Kroeger
      Title: Person Authorized to Accept

   Gender: M   AGE: 51   Height: 6'   Weight: 161   Race: Caucasian   Hair: Brown   Other: 51-65 years old, over 6' tall, 161-200 lbs.

   c. Address:   399 Jefferson Rd
                 Parsippany, NJ 07054

3. I served the party named in Item 2
   a. By personally delivering the copies on: 10/25/2018   At: 11:13 AM

4. Person who served papers
   a. Name: Nicholas Ciullo
   b. Address: 1545 Wilshire Blvd. Suite 311, Los Angeles, CA 90017
   c. Telephone number: 213-628-6338
   d. The fee for this service was: 200.00
   e. I am an independent Contractor

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


10/30/2018

Nicholas Ciullo

### Affidavit of Service

Billing Code: 1

# IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAI'I

| | |
|---|---|
| MICHAEL MAEDA and ILIANA SANCHEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE FOODS, INC., a corporation; and DOES 1 through 50,<br><br>Defendants. | Civil No. 18-1-1640-10 BIA (Class Action)<br><br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date of filing and by the method of service noted below, a true and correct copy of the *Notice of Affidavit of Service*, was duly served on the following parties at their last known address, as follows:

*U.S PRIORITY MAIL POSTAL*

Jack Kroeger
Authorized Agent for Pinnacle Foods, Inc., a Corporation
399 Jefferson Rd
Parsippany, NJ 07054

Defendant PINNACLE FOODS, Inc., a Corporation

Dated: Honolulu, Hawaii November 8, 2018

BRANDEE J.K. FARIA
AUBRY WAND

Attorneys for Plaintiffs
MICHAEL MAEDA and ILIANA
SANCHEZ individually and on
behalf of all others similarly situated