IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL MAEDA and RICK SMITH, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>KENNEDY ENDEAVORS, INC., et al.<br><br>Defendants. | CIVIL NO. 18-00459 JAO-WRP<br><br>ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STRIKE PLAINTIFF MICHAEL MAEDA'S "SHAM" DEPOSITION TESTIMONY |

**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STRIKE PLAINTIFF MICHAEL MAEDA'S "SHAM" DEPOSITION TESTIMONY**

Before the Court is Defendant Kennedy Endeavors, Inc.'s ("Defendant") Renewed Motion to Strike Plaintiff Michael Maeda's "Sham" Deposition Testimony ("Motion"), filed on June 30, 2021.  ECF No. 165.  The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii.  For the following reasons, the Court GRANTS the Motion.

## DISCUSSION

Defendant renews its request to strike Plaintiff Michael Maeda's ("Maeda") deposition errata on the basis that the errata contradict his deposition testimony.  ECF No. 165.  The Court denied without prejudice Defendant's previous request in

the class certification context, explaining that "[a]lthough at least some of the changes in the errata are questionable, the Court need not decide whether they comport with [Federal Rule of Civil Procedure ("FRCP")] 30(e) for the purpose of class certification." *Maeda v. Kennedy Endeavors, Inc.*, Civil No. 18-00459 JAO-WRP, 2021 WL 2582574, at *8 (D. Haw. June 23, 2021).

As a preliminary matter, the Court addresses Plaintiffs Maeda and Rick Smith's (collectively, "Plaintiffs") contention that the Court should refuse to consider or deny the Motion due to Defendant's incorporation by reference of prior arguments in violation of the Court's July 16, 2021 Entering Order ("EO"). ECF No. 199 at 8–9. While the Court generally expects the parties to present applicable arguments in each filing without incorporating by reference prior filings — and they should do so in all future filings — the EO issued *after* Defendant filed this Motion and it expressly pertained to Defendant's *Daubert* motions. ECF No. 179. Had the Court intended the EO to apply to this Motion, it would have stated so. Notably, the Court did not consult Defendant's original filing in addressing this Motion.[1] Accordingly, denial of and/or refusal to entertain this Motion on the grounds advanced by Plaintiffs is unwarranted.

---

[1] To the extent the Court references the earlier submitted deposition errata and relevant portions of the deposition transcript, it is because both parties cited the evidence in their briefing. All evidence cited in the briefs should have been attached to the parties' filings.

2

A.     **Deposition Errata**

Following his August 3, 2020 deposition, Maeda submitted an FRCP 30(e) Errata Sheet with corrections to his deposition testimony.  ECF No. 204-1 at 6.  Defendant's present challenge — narrowed from its prior request — is limited to Maeda's corrections to statements regarding damages he suffered:

| Question | Original Answer | Errata Answer |
| --- | --- | --- |
| You, Mr. Maeda -- you, Mr. Maeda, when you bought the chips, weren't economically harmed, were you?  ECF No. 118-2 at 53 (156:1–3). | No, I don't -- I don't see how a bag of potato chips is going to harm me economically.  It's not -- it's not the cost.  It's the principle.  ECF No. 118-2 at 53 (156:9–11). | No, I don't – I don't see how a bag of potato chips is going to harm me economically because they only cost a few dollars each.  It's not – it's not just the cost.  It's the principle.  ECF No. 118-5 at 4. |
| My question is you personally have not suffered any financial injury -- damages because of your purchase of those products, correct?  ECF No. 118-2 at 55 (176:8–10). | No, I have not.  ECF No. 118-2 at 55 (176:16). | No, I have not suffered a serious financial injury because the chips only cost a few dollars." ECF No. 118-5 at 4. |

FRCP 30(e) provides:

> (1) *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and

3

>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> (2) *Changes Indicated in the Officer's Certificate.* The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e). Deposition errata should include a "statement of reasons explaining corrections," which "is an important component of errata submitted pursuant to FRCP 30(e)[] because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224–25 (9th Cir. 2005).

Analogizing "sham" corrections with "sham" affidavits, the Ninth Circuit has held that FRCP "30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1225–26. Courts have interpreted *Hambleton* as establishing two prohibitions on changes to deposition testimony pursuant to FRCP 30(e): "first, a prohibition against 'sham' corrections (i.e., 'changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment'), and second, a separate, more or less per se prohibition against changes that contradict rather than correct the original deposition testimony." *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, Case No. 3:12-cv-00090-TMB, 2017 WL 2332859, at *2 (D. Alaska Mar. 23, 2017) (footnotes omitted).

1. **Procedural Requirement**

Maeda did not include a proper statement of reasons with his deposition errata. ECF No. 118-5. Each "Correction" in the errata table noted "Clarification" as the basis for the change, without any further explanation. *Id.* The absence of the requisite statement explaining the corrections precludes an assessment of the propriety of the alterations and alone supports the striking of the errata. *See Bosley v. Velasco*, Case No. 1:14-cv-00049-MJS (PC), 2016 WL 3916986, at *2 n.3 (E.D. Cal. July 19, 2016); *Azco Biotech Inc. v. Qiagen, N.V.*, Civil No. 12-cv-2599-BEN (DHB), 2015 WL 350567, at *3 (S.D. Cal. Jan. 23, 2015); *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS (NLS), 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010). Plaintiffs contend that Maeda's explanations, such as his failure to understand defense counsel's legal question regarding economic harm, satisfy the requirement. ECF No. 199 at 16. But Plaintiffs' current explanations for the alterations cannot cure Maeda's failure to supply with the errata a statement of reasons *explaining the corrections*, as the time for doing so has long since expired. *See Azco*, 2015 WL 350567, at *3 (citation omitted). And even if Maeda had adequately complied with this procedural requirement, the subject errata must be stricken on substantive grounds.

### 2. Substantive Requirement

Defendant argues that the errata contradict and change Maeda's testimony. ECF No. 204 at 10. Plaintiffs counter that the errata merely corroborate and clarify Maeda's deposition testimony, and were necessary due to defense counsel's line of questioning. ECF No. 199 at 12.

District courts within the Ninth Circuit have adopted different standards to assess whether changes constitute corrections or contradictions. On one end of the spectrum, "district courts have refused to permit Rule 30(e) changes that alter the substance of deposition testimony in a contradictory manner except when correcting transcription errors."[2] *Ashcraft v. Welk Resort Grp., Corp*, Case No. 2:16-cv-02978-JAD-NJK, 2017 WL 5180421, at *3 (D. Nev. Nov. 8, 2017) (collecting cases); *see Moriarty v. Am. Gen. Life Ins. Co.*, Case No.: 17-CV-1709-BTM-WVG, 2018 WL 4628365, at *2 (S.D. Cal. Sept. 27, 2018) ("Rule 30(e) is limited to 'corrections of stenographic errors, whether those corrections are of

---

[2] Plaintiffs assert that this standard relies on a strained reading of *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.* ECF No. 199 at 14. In reaching its holding "that Rule 30(e) is to be used for corrective, and not contradictory, changes," however, the *Hambleton* court looked to the Tenth and Seventh Circuits for guidance and quoted a Seventh Circuit case concluding "that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" *Hambleton*, 397 F.3d at 1225–26 (some internal quotation marks omitted) (quoting *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000)).

form or substance, and that Rule 30(e) is not properly used to alter deposition testimony provided under oath and correctly transcribed.'" (citation omitted)). Other courts view errata as "impermissible if they are either being made as a sham or if they are made in a fashion that contradicts the testimony actually given." *Ashcraft*, 2017 WL 5180421, at *3 (collecting cases). The challenged portions of Maeda's errata are improper under either standard.

There can be no dispute that the challenged corrections must be stricken under the former test, as the alterations go well beyond fixing transcription errors. Indeed, the first challenged correction adds the phrase "because they only cost a few dollars each" and the second challenged correction adds the phrase "suffered a serious financial injury because the chips only cost a few dollars." These clearly do not constitute edits rectifying stenographic errors.

The challenged corrections are also impermissible under the standard prohibiting contradictory changes to testimony. The Court provides below necessary context to assess the nature of the errata.

Correction No. 1

Maeda initially testified as follows:

Q.   You, Mr. Maeda -- you, Mr. Maeda, when you bought the chips, weren't economically harmed, were you?

. . . .

>A. No, I don't -- I don't see how a bag of potato chips is going to harm me economically. It's not -- it's not the cost. It's the principle.
>
>BY MR. PHILLIPS:
>
>Q. You don't believe you were charged more for the Hawaiian brand chips because they were called Hawaiian brand chips, do you?
>
>A. No. They're in competition with a lot of other companies. They can't overcharge.

ECF No. 118-2 at 53 (156:1–17). The errata changed Maeda's first answer to:

"No, I don't – I don't see how a bag of potato chips is going to harm me economically *because they only cost a few dollars each*. It's not – it's not *just* the cost. It's the principle." ECF No. 118-5 at 4 (emphases added).

Correction No. 2

Maeda originally testified:

>Q. My question is you personally have not suffered any financial injury -- damages because of your purchase of those products, correct?
>
>MR. PETER: Objection. Asked and answered.
>
>A. I answered that earlier.
>
>BY MR. PHILLIPS:
>
>Q. And your answer was no, you had not suffered a financial injury, correct?
>
>A. No, I have not.

ECF No. 118-2 at 55 (176:8–16).  Maeda then corrected his answer to:  "No, I have not **suffered a serious financial injury because the chips only cost a few dollars**."  ECF No. 118-5 at 4 (emphasis added).

Although these errata do not amount to a change from "yes" to "no" or vice versa, the material changes are contradictory because they attempt to reopen the door for damages — an essential component of Plaintiffs' claims — which Maeda's original testimony foreclosed.  Corrective errata ameliorate defects; they should not provide "new and more 'artful responses' to questions previously propounded."  *Blair v. CBE Grp. Inc.*, Civil No. 13-CV-00134-MMA (WVG), 2015 WL 3397629, at *6 (S.D. Cal. May 26, 2015) (citation omitted).  Here, the challenged errata do just that.

Depositions are not "take home examination[s]" so FRCP 30(e) does not permit a deponent to "alter what was said under oath" as "one could merely answer the questions with no thought at all then return home and plan artful responses." *Hambleton*, 397 F.3d at 1225 (internal quotation marks omitted) (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)).  Maeda's changes are prohibited because they reflect post-deposition consultation and conferral with counsel regarding the subject deposition questions, effectively transforming the questions into interrogatories.  *See Moriarty*, 2018 WL 4628365, at *5; *Blair*, 2015 WL 3397629, at *10 ("The purpose of depositions is to

determine the facts of the case while the witness is under the scrutiny of examination. [It is] not to find out how the witness answers questions with the ability to calmly reflect on the responses for 30 days in collaboration with counsel."). Irrespective of whether Maeda was confused by defense counsel's questioning at the deposition — which is belied by the record in any event — FRCP 30(e) is not a mechanism for altering unfavorable deposition testimony even where a "deponent truly believes upon reflection that the testimony was wrong." *Ashcraft*, 2017 WL 5180421, at *6. For these reasons, the challenged errata are contradictory and are therefore stricken.

### 3. Prejudice to Defendant

In further defense of the errata, Plaintiffs argue that Defendant will not suffer prejudice if the Motion is denied because Defendant can address Maeda's testimony at trial. ECF No. 199 at 18–19. Putting aside that this is not the salient inquiry, a lack of prejudice does not warrant permitting improper errata to stand. *See Azco*, 2015 WL 350567, at *5 (rejecting as inconsistent with *Hambleton* the plaintiffs' contention that proper remedy was to allow impeachment at trial). "Equity dictates that the onus of explaining or correcting deposition testimony throughout the course of litigation should rest with the deponent who allegedly provided faulty testimony under oath[.]" *Ashcraft*, 2017 WL 5180421, at *8 (citation omitted). The party obtaining deposition testimony should not be

burdened with rebutting improper FRCP 30(e) changes through impeachment or other means. *See id.* (citation omitted). Hence, while the Court finds that Defendant would be prejudiced to some degree by a denial of this Motion, an absence of prejudice would not support the outcome urged by Plaintiffs.

## CONCLUSION

For the reasons stated herein, the Court GRANTS Defendant's Renewed Motion to Strike Plaintiff Michael Maeda's "Sham" Deposition Testimony. ECF No. 165.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 10, 2021.



Jill A. Otake
United States District Judge

Civil No. 18-00459 JAO-WRP, *Maeda v. Kennedy Endeavors, Inc.*; ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STRIKE PLAINTIFF MICHAEL MAEDA'S "SHAM" DEPOSITION TESTIMONY